IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.C., a minor, EVA CLARKE and JAMES CLARKE, individually and as the natural guardians of L.C., <br> Plaintiffs <br><br> V. <br><br> CENTRAL PENNSYLVANIA YOUTH BALLET, a Pennsylvania non-profit Corporation; ANNAMARIE RABASSI-DAVIS; KARL MOLL; MARY MOLL; KIRK MOLL, <br> Defendants | Civil Action - Law <br><br> NO. 1:09-CV-2076 <br><br><br> JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
OCT 26 2009
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is complaint brought on behalf of L.C., and his parents, for violation of the federal wiretapping statute. Plaintiffs allege that L.C. was illegally tape recorded without his parents' permission and/or under false pretenses and the tapes were published to others. There are additional claims based on state claims for assault, battery, personal injury, conspiracy to invade his right to privacy, breach of contract and violation of Pennsylvania state wire tapping statute.

### PARTIES

2. Plaintiff, L.C., is a minor, who at all times pertinent to this matter resided at 8 Kingsbridge Circle, Carlisle, Cumberland County, Pennsylvania.

1

3. Plaintiffs, Eva Clarke and James Clarke, are adult individuals, the natural guardians of L.C. who at all times pertinent to this matter resided at 8 Kingsbridge Circle, Carlisle, Cumberland County, Pennsylvania.

4. Defendant, Central Pennsylvania Youth Ballet, (hereinafter CPYB) is a non-profit corporation organized under the Pennsylvania Corporation Law, whose registered office address is 925 W. Louther Street, Carlisle, Cumberland County, Pennsylvania and whose principal place of business is 5 North Orange Street, Carlisle, Cumberland County, Pennsylvania.

5. Defendant, Annamarie Rabassi-Davis, is an adult individual, who is and was employed as faculty by CPYB at all times pertinent hereto, whose address is 1012 Chippenham Road, Mechanicsburg, Cumberland County, Pennsylvania.

6. Defendant, Karl Moll, was a juvenile at the times pertinent to this matter, but is now an adult individual, whose address is 804 Hillside Drive, Carlisle, Cumberland County, Pennsylvania.

7. Defendant, Mary Moll, the mother of Karl Moll, is an adult individual, whose address is 804 Hillside Drive, Carlisle, Cumberland County, Pennsylvania.

8. Defendant, Kirk Moll, the father of Karl Moll, is an adult individual, whose address is 804 Hillside Drive, Carlisle, Cumberland County, Pennsylvania.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this court by 28 USC §1331 and by the remedial statute of 18 USC §2520.

10. A jury trial is demanded.

11. This Court's supplemental jurisdiction as per 28 USC §1367 (c) is invoked in this case.

12. Punitive damages are requested.

13. Venue is properly in the Middle District because the parties, witnesses, and evidence are all common to Cumberland County and the counties that surround it.

## **RIGHTS VIOLATED**

14. Plaintiff, L.C., has a right under federal law to be free from unlawful tape recording without his parents' permission and from having his conversation disclosed to others pursuant to 18 USC §2511. Plaintiff, being a minor, was unable to consent to the unlawful recording.

15. Plaintiff, L.C., has a First Amendment right to be free of invasions of his privacy and to enjoy an expectation of privacy that his conversations with other persons will not be electronically taped and disclosed to others.

16. Plaintiff, L.C., has a right under Pennsylvania law 18 Pa.C.S.A. §5703 to be free from unlawful tape recording of his statements without his parents' permission and from having his conversation disclosed to others. Plaintiff, being a minor, was unable to consent to the recording.

17. Plaintiff, L.C., has rights under Pennsylvania state law to be free from assault, battery, personal injury, and conspiracy to invade his privacy,

18. Plaintiffs, Eva Clarke and James Clarke have a right under Pennsylvania state law to recover for a breach of contract.

## **OPERATIVE FACTS**

19. Paragraphs 1-18 are incorporated herein by reference.

20. L.C. was a fourteen year old minor at the time of the incident. He was a student at CPYB. On or about December 8, 2007, in a dressing room at the Whitaker Center in Harrisburg, Pennsylvania, Defendant, Karl Moll, sexually assaulted Plaintiff, L.C, by placing his fist between Plaintiff's buttocks.

21. Defendant, Karl Moll, entered a consent decree in Juvenile Court in Cumberland County Court of Common Pleas to criminal indecent assault and aggravated indecent assault as a result of his actions.

22. On or about December 9, 2007, Plaintiff, Eva Clarke reported the sexual assault to Defendant, Rabassi-Davis, a faculty member and backstage manager of Defendant, CPYB.

23. On or about December 12, 2007, Defendant, Rabassi-Davis, with the consent of defendant CPYB's, executive director, Maurinda Wingard, now deceased, tape recorded Plaintiff, L.C., without the knowledge or consent of his parents and for the purpose of playing the communication to Defendant, Kirk Moll, and upon information and belief to others.

24. Defendant, Rabassi-Davis, acting on behalf of CPYB, was investigating the alleged sexual assault by Defendant, Karl Moll.

25. On or about December 12, 2007, Defendant, Rabassi-Davis, intentionally disclosed the communication by playing the tape recording of L.C. to Defendant, Kirk Moll, Defendant, Karl Moll's father, and based on information and belief to others, without the consent or knowledge of Plaintiff, L.C., or his parents.

4

26. At no time prior to the taping were the parents of L.C. notified that their child would be tape recorded, nor that the tape recording would be played for the father of the perpetrator or to others, all in violation of the federal and state wiretapping laws.

27. On or about December 14, 2007, CPYB failed to prevent defendant, Karl Moll from entering the same dressing room as Plaintiff, L.C. several times.

28. Based on information and belief, Defendants, Rabassi-Davis, on behalf of CPYB, and Defendants, Kirk Moll and Mary Moll conspired with each other to publish said recording to Kirk Moll and others.

29. On or about December 17, 2007, Plaintiff, L.C. was tape recorded again by Defendant, Rabassi-Davis.

30. Plaintiffs, Eva Clarke and James Clarke gave permission, but only under false pretenses. Defendant, Rabassi-Davis told them he was to be taped individually for five minutes about an incident regarding suspected illegal drug activity by Defendant, Karl Moll.

31. Plaintiff, L.C. was taped for forty-five minutes with several other individuals present, including other CPYB faculty, the perpetrator, Defendant, Karl Moll, and the other victim of Defendant's sexual assault.

32. During this taping, Plaintiff, L.C. was advised by faculty of CPYB that he should not have told his parents of the sexual assault.

33. Had the Plaintiffs, Eva Clarke and James Clarke known that other individuals were to be present and what the topic to be discussed was, they would not have given consent, nor permitted Plaintiff, L.C. to participate in the taping.

34. Based on information and belief, the Plaintiffs believe the second tape was published to others.

35. Plaintiffs, Eva Clarke and James Clarke, had a contractual relationship with Defendant, CPYB, in that they paid Defendant, CPYB, tuition in exchange for Defendant, CPYB, training and educating Plaintiff, L.C.

36. Relying on information and publicity supplied by Defendant, CPYB, that CPYB was a professional dance school and that their child would be educated and trained in dance in an environment safe from abuse, Plaintiffs, Eva Clarke and James Clarke, relocated from Virginia to Carlisle, Pennsylvania.

37. As part of attending CPYB, Plaintiffs received a copy of the CPYB handbook and had to sign a document evidencing that they had "read, understand and agree to the Rules and Policies" contained therein.

38. School Rule Number 1 is "Students are expected to behave respectfully and courteously at all times toward CPYB faculty and staff, as well as toward each other."

## COUNT 1- INTENTIONAL INTERCEPTION OF ORAL COMMUNICATION-FEDERAL VIOLATION

39. Paragraphs 1-38 are incorporated herein by reference.

40. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally intercepted the oral communication of Plaintiff, L.C. on December 12, 2007, without the consent of L.C.'s parents in violation of 18 USC §2511(1)(a).

41. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, was not acting under color of law at the time of the taping, but intercepted the oral communication for the

purpose of committing the criminal act of intentionally disclosing the oral communication to Defendant, Kirk Moll and based on information and belief, to others, all in violation of 18 USC §2511(1)(c) and (d) and for the purpose of invading Plaintiff, L.C.'s, right to privacy.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 2- INTENTIONAL INTERCEPTION OF ORAL COMMUNICATION-FEDERAL VIOLATION

42. Paragraphs 1-41 are incorporated herein by reference.

43. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally intercepted the oral communication of Plaintiff, L.C. on December 17, 2007, with his parents' consent, under the false pretense of investigating suspected illegal drug activity by Defendant, Karl Moll, in violation of 18 USC §2511(1)(a).

44. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, was not acting under color of law at the time of the taping, but intercepted the oral communication for the purpose of committing the criminal act of intentionally disclosing the oral communication, based on information and belief, to others, all in violation of 18 USC §2511(1)(c) and (d) and for the purpose of invading Plaintiff, L.C.'s right to privacy.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 3- INTENTIONAL DISCLOSURE OF ORAL COMMUNICATION- FEDERAL VIOLATION

45. Paragraphs 1-44 are incorporated herein by reference.

46. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally disclosed the oral communication taped on December 12, 2007 of Plaintiff, L.C. on December 12, 2007, to Defendant Kirk Moll and upon information and belief, to others, in violation of 18 USC §2511(1)(c).

47. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, was not acting under color of law at the time of the taping, but intercepted the oral communication for the purpose of committing the criminal act of intentionally disclosing the oral communication, based on information and belief, to others, all in violation of 18 USC §2511(1)(d) and for the purpose of invading Plaintiff, L.C.'s right to privacy.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 4- INTENTIONAL DISCLOSURE OF ORAL COMMUNICATION- FEDERAL VIOLATION

48. Paragraphs 1-47 are incorporated herein by reference.

49. Based on information and belief, Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally disclosed the oral communication taped on December 17, 2007 of Plaintiff, L.C. to others, in violation of 18 USC §2511(1)(c).

50. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, was not acting under color of law at the time of the taping, but intercepted the oral communication for the purpose of committing the criminal act of intentionally disclosing the oral communication, based on information and belief, to others, all in violation of 18 USC §2511(1)(d) and for the purpose of invading Plaintiff, L.C.'s right to privacy.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 5- INTENTIONAL INTERCEPTION OF ORAL COMMUNICATION-STATE VIOLATION

51. Paragraphs 1-50 are incorporated herein by reference.

52. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally intercepted the oral communication of Plaintiff, L.C. on December 12, 2007, without the consent of L.C.'s parents in violation of 18 Pa.C.S.A. §5703(1).

53. Plaintiff, L.C. was fourteen years old at the time of the interception and, as a minor, was incapable of consenting to the tape recording. Defendant, Rabassi-Davis, failed to obtain the consent of Plaintiff, L.C's parents.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 6- INTENTIONAL INTERCEPTION OF ORAL COMMUNICATION-STATE VIOLATION

54. Paragraphs 1-53 are incorporated herein by reference.

55. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally intercepted the oral communication of Plaintiff, L.C. on December 12, 2007, without the consent of L.C.'s parents in violation of 18 Pa.C.S. §5703(1).

56. Plaintiff, L.C. was fourteen years old at the time of the interception and, as a minor, was incapable of consenting to the tape recording. Defendant, Rabassi-Davis, failed to obtain the consent of Plaintiff, L.C's parents.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the

wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

### COUNT 7- INTENTIONAL DISCLOSURE OF ORAL COMMUNICATION- STATE VIOLATION

57. Paragraphs 1-56 are incorporated herein by reference.

58. Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally disclosed the oral communication taped on December 12, 2007 of Plaintiff, L.C. on December 12, 2007, to Defendant, Kirk Moll, and upon information and belief, to others, in violation of 18 Pa.C.S. §5703(2).

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

### COUNT 8- INTENTIONAL DISCLOSURE OF ORAL COMMUNICATION- STATE VIOLATION

59. Paragraphs 1-58 are incorporated herein by reference.

60. Based on information and belief, Defendant, Rabassi-Davis, on behalf of Defendant, CPYB, intentionally disclosed the oral communication taped on December 17, 2007 of Plaintiff, L.C. to others, in violation of 18 Pa.C.S. §5703(2).

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Rabassi-Davis and CPYB, jointly and severally for the wiretapping violation together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 9-ASSAULT AND BATTERY

61. Paragraphs 1-60 are incorporated herein by reference.

62. On December 8, 2007 Defendant, Karl Moll, intentionally and offensively touched and placed Plaintiff, L.C., in apprehension of being touched, by placing his fist between L.C.'s buttocks.

63. Defendant, Karl Moll, entered a consent decree in Juvenile Court in Cumberland County Court of Common Pleas to criminal indecent assault and aggravated indecent assault as a result of his actions.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendant, Karl Moll, for assault and battery, together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 10-NEGLIGENCE-KIRK MOLL AND MARY MOLL

64. Paragraphs 1-63 are incorporated herein by reference.

65. Defendants, Mary Moll and Kirk Moll, knew Defendant, Karl Moll, had a mental health diagnosis that required medication.

66. Defendants, Mary Moll and Kirk Moll, knew or should have known that their minor son, Karl Moll, had a propensity to assault other children.

67. Despite knowing Defendant, Karl Moll's need to take medication, Defendants, Mary Moll and Kirk Moll failed to monitor their minor son's medication regimen, and failed to have medication available for their son to take.

68. Defendants, Mary Moll and Kirk Moll, had a duty to others to assure that their son, Defendant, Karl Moll, was properly medicated.

69. Defendants, Mary Moll and Kirk Moll, breached their duty to properly medicate their minor son.

70. As a direct causation of Defendants', Mary Moll and Kirk Moll, breach of duty, Karl Moll, offensively touched Plaintiff, L.C. on December 7, 2007.

71. Defendants', Mary Moll and Kirk Moll, breach of duty was the proximate cause of Plaintiff, L.C.'s injury.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendants, Mary Moll and Kirk Moll, for negligence together with damages for pain and suffering, great humiliation and embarrassment, emotional distress, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## **COUNT 11-NEGLIGENCE-CPYB**

72. Paragraphs 1-71 are incorporated herein by reference.

73. Based on information and belief, CPYB was aware of a pattern of inappropriate behavior by students in the male dressing rooms of its facilities and performance facilities and failed to take any action to prevent such behavior or enforce its own rules regarding such behaviors.

74. Defendant, CPYB, had a duty to students to properly supervise all students and protect them from attack from other students.

75. Defendant, CPYB, breached its duty to protect students by allowing Defendant, Karl Moll, to sexually assault Plaintiff, L.C.

76. Defendant, CPYB, further breached its duty to protect students, when, after being placed on notice of the offensive touching by Karl Moll on December 7, 2007, it failed to prevent additional contact between L.C. and Karl Moll on December 14, 2007.

77. As a direct causation of Defendant, CPYB's, breach of duty, Plaintiff, L.C. suffered personal injury.

78. Defendant, CPYB's breach of duty to protect students was the proximate cause of the injury to Plaintiff, L.C.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against the Defendant, CPYB, jointly and severally for the personal injury by the Defendant, Karl Moll and the failure of Defendant, CPYB to protect other students particularly, Plaintiff, L.C., and preventing the further intimidation of Plaintiff, L.C. together with damages for pain and suffering, great humiliation, apprehension, emotional distress and embarrassment, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 12-CONSPIRACY TO ILLEGALLY TAPE RECORD AND PUBLISH THE RECORDINGS

79. Paragraphs 1-78 are incorporated herein by reference.

80. Based on information and belief, Rabassi-Davis, Kirk Moll and others conspired to tape record Plaintiff, L.C. on December 12 and 17, 2007 and publish the oral conversation to Kirk Moll and based on information and belief to others, all defendants violated L.C.'s rights under federal and state laws prohibiting unlawful wiretapping, eavesdropping and recording of third persons' conversations for unlawful purposes without his knowledge and in violation of his federally protected constitutional and state protected right to privacy as set forth in this complaint above in paragraphs 14 - 17.

WHEREFORE, Plaintiff, L.C., by and through his natural guardians, demands judgment against Defendants, Rabassi-Davis, CPYB, Kirk Moll and Mary Moll, jointly and severally for conspiring to illegally tape record and publish the oral conversations of L.C., together with damages for pain and suffering, emotional distress, great humiliation, intimidation and embarrassment, compensatory damages, punitive damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

## COUNT 12-BREACH OF CONTRACT

81. Paragraphs 1-80 are incorporated herein by reference.

82. A contract existed between CPYB and Plaintiffs, Eva Clarke and James Clarke.

83. In exchange for payment of money by the Clarkes to CPYB, CPYB agreed to provide ballet lessons to Plaintiff, L.C. under the terms and conditions set forth in the CPYB Handbook.

84. In addition to the terms and conditions set forth in the handbook, Defendant, CPYB, owed a duty to students to protect them from attacks by other students.

85. Defendant, CPYB, breached express and implied duties to protect students from sexual attack by other students and from intimidation from students and faculty.

86. As a result of the breach of contract, Plaintiffs, Eva Clarke and James Clarke, have suffered economic damages in relocating L.C. to another ballet school at great cost and expense.

87. Said economic damage is a direct result of the breach of contract.

WHEREFORE, Plaintiffs, Eva Clarke and James Clarke demand judgment against the Defendant, CPYB, for the breach of contract, together with compensatory damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

Date: 10-26-09

Jacqueline M. Verney, Esquire PA #23167
44 S. Hanover Street
Carlisle, PA 17013
717-243-9190
Attorney for Plaintiffs