**IN THE UNITED STATES DISTRICT  COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| L.C., a minor, EVA CLARKE and | : | CIVIL ACTION - LAW |
| JAMES CLARKE, individually and | : | |
| as the natural guardians of L.C., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 1:09-CV-2076 |
| | : | |
| CENTRAL PENNSYLVANIA | : | |
| YOUTH BALLET, a Pennsylvania | : | |
| non-profit Corporation, | : | |
| ANNAMARIE RABASSI-DAVIS, | : | |
| KARL MOLL, MARY MOLL and | : | JURY TRIAL DEMANDED OF |
| KIRK MOLL, | : | TWELVE (12) JURORS |
| Defendants | : | |

**BRIEF OF DEFENDANTS RABASSI-DAVIS AND CENTRAL
PENNSYLVANIA YOUTH BALLET IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' CLAIMS SET FORTH IN
PLAINTIFFS' AMENDED COMPLAINT**

## I. FACTUAL AND PROCEDURAL BACKGROUND:

On February 2, 2010, Plaintiffs filed an Amended Complaint, alleging that on December 8, 2007, the minor-Plaintiff was assaulted by a fellow student of the Central Pennsylvania Youth Ballet (hereinafter "CPYB") at the Whitaker Center in Harrisburg, Pennsylvania. Plaintiffs further allege that they reported the alleged assault to Defendant Rabassi-Davis, who was a faculty member at CPYB, and that said Defendant, with the knowledge and consent of Defendant CPYB, tape-recorded the minor-Plaintiff on December 12th and 17, 2007, as part of its investigation of the incident, without Plaintiffs'

consent. As to these recordings, Plaintiffs allege, among other things, that Defendants violated the federal wiretapping statute.

Plaintiffs James and Eva Clarke also allege that a contract existed between them and CPYB and that CPYB breached the contract. Specifically, they allege that CPYB agreed to provide ballet lessons to the minor-Plaintiff "under the terms and conditions set forth in the CPYB Handbook," which Plaintiffs signed as evidence that they agreed to the "Rules and Policies contained therein." Plaintiffs further state that "Student Rule Number 1 is 'Students are expected to behave respectfully and courteously at all times toward CPYB faculty and staff, as well as toward each other.'" Plaintiffs allege that the aforesaid Rule constitutes an express, or at the very least implied, promise by Defendant CPYB to "protect students from sexual attack by other students and from intimidation from students and faculty."

In addition to compensatory damages under Count 11, Plaintiffs demand punitive damages. Plaintiffs also demand an award of attorney's fees under all Counts pled against Moving Defendants.

Moving Defendants filed a Motion to Dismiss several claims alleged by Plaintiffs in the Complaint. The bases of the Motion are that Plaintiffs have failed to plead sufficient facts to support claims under the federal wiretapping statute and for breach of contract. In addition, Plaintiffs have failed to plead sufficient facts to support claims for punitive damages under Count 11 and attorney's fees under all Counts. This Brief is offered in support of the Motion.

**II.**      **STATEMENT OF QUESTIONS PRESENTED:**

A.   Whether Plaintiffs have failed to state a claim under the federal wiretapping statute, where Plaintiffs allege that Defendants were parties to and consented to the recordings, and the statute provides that there is no violation where the person intercepting the communication is a party to the communication?

- Suggested answer:  Yes.

B.   Whether Plaintiffs have stated a claim for punitive damages under Count 11, where the conduct complained of, if accepted as true, may establish mere negligence but does not rise to the "outrageous" conduct necessary to impose punitive damages?

- Suggested answer:  No.

C.   Whether Plaintiffs have stated a claim for attorney's fees, where the law does not permit litigants to recover attorney's fees under the facts and circumstances of this case?

- Suggested answer:  No.

D.   Whether Plaintiffs have stated a claim for breach of contract, where the express provision relied upon is not a promise to perform, and no promise to "protect [the

minor-Plaintiff] from sexual attacks by other students" can be implied from the terms

pled?

      - Suggested answer: No

## III.    <u>LEGAL ARGUMENT</u>:

The legal standard applicable to a court's consideration of a motion to dismiss for

failure to state a claim was set forth by this Court as follows:

> In considering whether a complaint fails to state a claim upon which relief
> may be granted, the Court must accept as true all allegations in the
> complaint and all reasonable inferences that can be drawn therefrom are to
> be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox
> Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).
> However, a court "need not credit a complaint's bald assertions or legal
> conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion
> Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not
> "assume that a … plaintiff can prove facts that the … plaintiff has not
> alleged." <u>Associated Gen. Contractors of Cal. v. California State Council
> of Carpenters</u>, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).
> As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.
> 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), in order to state a valid
> cause of action a plaintiff must provide some factual grounds for relief
> which "requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.
> "Factual allegations must be enough to raise a right to relief above the
> speculative level." Id. In keeping with the principles of <u>Twombly</u>, the
> Supreme Court recently underscored that a trial court must assess whether
> a complaint states facts upon which relief can be granted when ruling on a
> motion to dismiss. In <u>Ashcroft v. Iqbal</u>,   U.S.   , 129 S.Ct. at 1937
> (2009), the Supreme Court held that, when considering a motion to
> dismiss, a court should "begin by identifying pleadings that, because they
> are no more than conclusions, are not entitled to the assumption of truth."
> <u>Id.</u> at 1950. According to the Supreme Court, "[t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice." <u>Id.</u> at 1949. Rather, in conducting a review of the
> adequacy of complaint, the Supreme Court has advised trial courts that
> they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief. Id. at 1950.

Vance v. Mullin, 2009 U.S. Dist. LEXIS 111153 (M.D.Pa. 2009).


    A.  Plaintiffs have failed to state a claim under the federal wiretapping statute,
because, accepting Plaintiffs' allegations as true, Moving Defendants were parties to and
consented to the oral recordings at issue

    Pursuant to the federal wiretapping statute, a private civil cause of action exists

for any person whose wire, oral or electronic communication is intercepted, disclosed or

intentionally used in violation of the Chapter.  18 U.S.C. Section 2520.  However, the Act

further provides as follows:


> It shall not be unlawful under this Chapter for a person not acting under
> color of law to intercept a wire, oral, or electronic communication where
> such person is a party to the communication or where one of the parties to
> the communication has given prior consent to such interception unless
> such communication is intercepted for the purpose of committing any
> criminal or tortious act in violation of the constitution or laws of the
> United States or of any state.

18 U.S.C. Section 2511(2)(d).  The federal wiretapping statute is a one-party consent law

that expressly provides that it is not unlawful to intercept a wire, oral or electronic

communication where the person intercepting is a party to the communication.  Id.

    In the Complaint, Plaintiffs assert that the tape recordings were made by

Defendant Rabassi-Davis with the consent of Defendant CPYB's executive director.

Thus, Plaintiffs admit in the Complaint that Defendants Rabassi-Davis and CPYB were parties to the communication and gave consent to the interception of the oral communications of the minor-plaintiff.  Accordingly, the facts alleged by Plaintiffs establish that no cause of action exists under the federal wiretapping statute, and the claims must, therefore, be dismissed.

      B.   <u>Plaintiffs have failed to state a claim for punitive damages under Count 11, because the alleged conduct of moving Defendants, if accepted as true, does not rise to the level of "outrageous" conduct necessary to impose punitive damages</u>

Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts as the standard for determining whether the alleged conduct of a defendant justifies the imposition of punitive damages.  <u>Feld v. Merriam</u>, 506 Pa. 383, 485 A.2d 742 (1984). Punitive damages are an appropriate remedy "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." <u>Chambers v. Montgomery</u>, 411 Pa. 339, 192 A.2d 355 (1963). Punitive damages must be based on conduct which is "'malicious,' 'wanton,' 'reckless,' 'willful,' or 'oppressive' . . ." <u>Id.</u>, 411 Pa. at 344-45, 192 A.2d at 358 (citing Hughes v. Babcock, 349 Pa. 475, 37 A.2d 551 (1944)).

In deciding whether punitive damages are an appropriate remedy, the court must look to "the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties . . .." <u>Chambers v. Montgomery</u>, supra, 411 Pa. at 345, 192 A.2d at 358. See also, <u>Pittsburgh Outdoor Advertising Co. v. Virginia Manor Apartments Inc.</u>, 436 Pa. 350, 260 A.2d 801 (1970).  The state of mind of the

actor is vital. The act, or the failure to act, must be intentional, reckless or malicious. Where criminal conduct of a third party is involved, the court should not look to the third party's criminal conduct or the end result.  <u>Feld v. Merriam</u>, 506 Pa. 383; 485 A.2d 742 (1984).

In <u>Feld</u>, <u>supra</u>, plaintiffs were tenants in an apartment complex owned by defendants. <u>Id</u>. at 388-89, 485 A.2d at 744.  One evening, upon returning to the parking garage at the complex, the wife-plaintiff was sexually assaulted by unidentified third-parties.  Thereafter, plaintiffs filed suit against the defendants, alleging the defendant-landlords were negligent in breaching their duty to protect plaintiffs as tenants of the complex.  In addition to compensatory damages, plaintiffs requested an award of punitive damages.  At trial, the judge allowed the issue of punitive damages to go to the jury, and the jury awarded six-million dollars in damages against defendants.  <u>Id.</u>

On appeal, the Pennsylvania Supreme Court held that the evidence adduced to establish the negligence of the defendants was insufficient to support an award of punitive damages.  <u>Id</u>. at 396, 485 A.2d 748.  Although the conduct of the unidentified third-parties was certainly outrageous, the Court held that the proper focus was not upon the conduct of those parties.  Rather, the focus of the inquiry was upon the conduct of the defendants, and there was simply insufficient evidence to establish that their conduct was outrageous.  Accordingly, the case was remanded to the trial court for a new trial.  <u>Id</u>. at 397, 485 A.2d 748.

In this case, accepting as true Plaintiffs' allegations that Defendant Karl Moll assaulted the minor-Plaintiff during a performance at the Whitaker Center in Harrisburg;

and that Defendant CPYB failed to adequately protect the minor-Plaintiff, the allegations are insufficient to establish the requisite "outrageous" conduct necessary to impose punitive damages against CPYB.   Simply stated, the conduct of CPYB about which Plaintiffs complain, if accepted as true, rises no higher than ordinary negligence. Accordingly, Plaintiffs have failed to state a claim for punitive damages against CPYB under Count 11, and the claim must be dismissed.

C.   <u>Plaintiffs are not entitled to attorney's fees, because the law does not permit the recovery of attorney's fees under the circumstances of the case</u>

In Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception. See <u>Mosaica Charter Sch. v. Commonwealth, Dep't of Educ.</u>, 572 Pa. 191, 206-07, 813 A.2d 813, 822 (2002).

In this case, there is no statutory authority, agreement of the parties, or any other established exception to permit an award of attorney's fees.   Accordingly, Plaintiffs have failed to state a claim for attorney's fees, and the claim must be dismissed.

D.   <u>Plaintiffs James and Eva Clarke have failed to state a claim for breach of contract, whether express or implied, because the express provision cited is not a promise to perform anything, and Plaintiffs have not identified any term of the purported written contract from which it may be implied that CPYB assumed a duty to insure Plaintiffs</u>

Pursuant to Pennsylvania law, "[a] contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." <u>Forest Glen Condo. Ass'n v. Forest Green Commons Ltd. P'ship</u>, 900 A.2d 859,  863 (Pa. Super. 2006)(quoting Restatement (Second) Contracts § 1

(1981)).  The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. Felte v. White, 451 Pa. 137, 302 A.2d 347, 351 (Pa. 1973). The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. Steuart v. McChesney, 498 Pa. 45, 444 A.2d 659, 661 (Pa. 1982). The whole instrument must be taken together in arriving at contractual intent. Felte, 302 A.2d at 351. Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. Steuart, 444 A.2d at 662. "'When a writing is clear and unequivocal, its meaning must be determined by its contents alone.'" Felte, 302 A.2d at 351 (quoting East Crossroads Center Inc. v. Mellon-Stuart Co., 416 Pa. 229, 205 A.2d 865, 866 (Pa. 1965)).

Plaintiffs in this case have failed to set forth sufficient facts to state a breach of contract claim against CPYB.  The Rule identified by Plaintiffs in the Handbook, which Plaintiffs allege constitutes an express term of the contract, is not a contractual term on its face.  That is, it is not a promise that CPYB will do something, or refrain from doing something, in performing its obligations under the contract.  The statement is nothing more than a code of conduct that CPYB expects from its students.  It is a Rule that students are expected to follow in interacting with CPYB and other students.  It is simply not an affirmative promise on the part of CPYB to perform anything.

Furthermore, Plaintiffs allege that CPYB "agreed to provide ballet lessons to [the minor-Plaintiff] under the terms and conditions of the CPYB Handbook," yet Plaintiffs have failed to identify any express term of the purported written contract from which it

may be implied that CPYB assumed the duties set forth in Count 13 of the Complaint. Implying a contractual duty upon CPYB to "protect [the minor-Plaintiff] from sexual attacks by other students" would transform CPYB's status under the contract from a promissor to insurer, and no such term can be implied from the facts alleged. Plaintiffs have arguably stated a claim against CPYB under a negligence theory where the issues of duty and breach will be adequately addressed. However, there is no basis for a breach of contract claim in the allegations of the Complaint as pled.

IV.     **CONCLUSION**:

For the foregoing reasons, Moving Defendants, Annamarie Rabassi-Davis and Central Pennsylvania Youth Ballet, respectfully request that this Honorable Court dismiss Counts One, Two, Three, Four, and Thirteen of Plaintiffs' Amended Complaint, Plaintiffs' claims for punitive damages under Count 11, and attorney's fees under all Counts alleged.

FORRY ULLMAN

By:     /s/ Joseph F. Murphy, Esquire
        JOSEPH F. MURPHY, ESQUIRE

Date:  February 5, 2010

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.C., a minor, EVA CLARKE and | : | CIVIL ACTION - LAW |
| JAMES CLARKE, individually and | : | |
| as the natural guardians of L.C., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 1:09-CV-2076 |
| | : | |
| CENTRAL PENNSYLVANIA | : | |
| YOUTH BALLET, a Pennsylvania | : | |
| non-profit Corporation, | : | |
| ANNAMARIE RABASSI-DAVIS, | : | |
| KARL MOLL, MARY MOLL and | : | JURY TRIAL DEMANDED OF |
| KIRK MOLL, | : | TWELVE (12) JURORS |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, JOSEPH F. MURPHY, ESQUIRE, hereby certify that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss was mailed via U.S. first class mail, postage prepaid, upon the following party(ies) addressed as follows:

**Jacqueline M. Verney, Esquire**
**44 S. Hanover Street**
**Carlisle, PA  17013**

**Timothy J. McMahon, Esquire**
**MARSHALL DENNEHEY WARNER**
**  COLEMAN & GOGGIN**
**4200 Crums Mill Road, Suite B**
**Harrisburg, PA  17112**

**Stephen L. Banko, Esquire**
**Margolis Edelstein**
**3510 Trindle Road**
**Camp Hill, PA 17011**

FORRY ULLMAN

By:     /s/ Joseph F. Murphy, Esquire
          JOSEPH F. MURPHY, ESQUIRE

Date:  February 5, 2010